Per Curiam.
The bill states that the plaintiff purchased goods in the store of the defendants, and went with the tailor to his house, and returned and called for his bill, which was $38.33. He laid down a bank note of $50, which the clerk put into his box ; upon which a mistake arose, the clerk saying he did not put it in the box. After some dispute, the plaintiff received the difference between $38.33 and $50. The defendants warranted the plaintiff and obtained judgment for $50. Being a stranger, he could not get * security for an appeal to the County Court, but deposited $50 with the magistrate, who promised not to issue execution till some time. The plaintiff went on his way to Kentucky, and returned in 10 or 12 days and had a certiorari drawn to remove the proceedings, but could not procure secui'ity to prosecute it, and was obliged to desist. He says, on searching the box a fifty dollar note was found, which was the very note he gave in payment. The clerk said that note was paid in by Mr. Baker, who now says that the note he paid in was of a different bank from that found in the box. The defendants demurred. A certiorari will not lie to relieve the plaintiff, for the mistake is in a matter of fact, which cannot be overhauled by certiorari for reinvestigation after the judgment is satisfied. In some cases which are not proper for a writ of error, a certiorari will lie for errors ■ in law to reverse the judgment. But that is not the *180 present case. A certiorari for reexamination of the fact cannot be used but in cases where an appeal could, and that is prevented by some means not under the plaintiff’s control. An appeal for reexamination of the fact cannot be allowed of after the judgment is satisfied. The complainant then has no remedy at law; and that is not by his default or neglect, for he could not, being a stranger, get sureties, though he made every effort to do so; and this circumstance distinguishes his case from that of one who has become without remedy at law by his own neglect. Then here is a case where an injured man, entitled to relief upon principles of natural justice, will be precluded therefrom, unless the court can interpose. Shall this court be precluded by technical rules which result in such conveyances ? No ; rather break down the rules, if any such there be, than incur the consequence of manifest injustice. But indeed there is no rule of any sort opposed to this idea.
See, as to certiorari as substitute for appeal, Durham v. United States, 4 Hay. 69, and note sub fin.; Rogers v. Ferrell, 10 Yer. 254; King’s Digest, 1865-66.